## Commonwealth v. Cooper

*Roy A. Gardner*, District Attorney, for Commonwealth.

*Davis R. Hobbs*, for defendant.

TREMBATH, P. J., April 30, 1962.—Irene Cooper was tried before the court without a jury on charge of

violating section 493, subsec. 25, of the Liquor Control Act of April 12, 1951, P. L. 90, 47 PS §493 (25). By this act, it is unlawful:

"For any licensee or his agent, to employ or permit the employment of any female at his licensed hotel, restaurant or eating place to mix or serve liquor or malt or brewed beverages behind the bar, or to employ any female for the purpose of enticing customers, or to encourage them to drink liquor, or make assignations for improper purposes: Provided, That nothing in this section shall be construed to prevent the employment of any female waitress who regularly takes orders for food from serving food, liquor or malt or brewed beverages at tables; also that nothing shall prevent any such licensees from employing any female stenographer, hotel secretary, clerk or other employee for their respective positions; Provided, further, That nothing in this section shall be so construed as to prevent the wife of any such licensee or agent from mixing or serving liquor or malt or brewed beverages behind the bar of any such licensed place."

The agreed facts are that on at least two occasions in November and December, 1961, Irene Cooper served liquor behind the bar at Wenck's Bar and Grill in Windham Township, Wyoming County. Wenck's Bar and Grill, Inc., is a corporation and the licensee. Defendant at all times in question was the duly listed manager of the corporation. Defendant is the holder of one share of stock in the corporation and is the wife of Thomas Cooper who is the principal stockholder, a director of the corporation.

We point to the proviso of subsection 25, which reads:

"Provided, further, That nothing in this section shall be construed as to prevent the wife of any such licensee or agent from mixing or serving liquor or malt or brewed beverages behind the bar of any such licensed place."

We have no choice but to hold that Irene Cooper is an agent of the corporation because she is the duly listed manager. She is also the wife of an agent. Thomas Cooper, either as a director of the corporation or as the holder of a general power of attorney from the corporation, is an agent of the corporation.

Under this state of facts, Irene Cooper either as agent or as wife of an agent of the corporation is specifically excluded from the general provisions of the act by the language of the proviso above quoted.

And now, April 30, 1962, the demurrer is sustained and defendant is discharged. Wyoming County to pay costs.